FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 2 7 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

MARCO BALBUENA-ESCOBAR,

Defendant.

---

10-CR-922

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the

particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is

outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall

indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C.

§ 3553(c)(2). These "reasons must also be stated with specificity in the written order of

judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been

excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005),

the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United*

*States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "considered the parties' arguments and that it has a

reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))

(internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On January 4, 2011, Marco Balbuena-Escobar pled guilty to count one of a single count indictment, which charged that defendant, having been previously deported from the United States after a conviction for the commission of a felony, was found in the United States without the secretary of the United States Department of Homeland Security having expressly consented to his applying for admission, in violation of 8 U.S.C. §§ 1326(a).

Balbuena-Escobar was sentenced on April 21, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be ten and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between eight and fourteen months. The calculation of the total offense level included a four-point enhancement for previous conviction of a felony, and a two-point deduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of ten years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine was from $2,000 to $20,000.

Balbuena-Escobar was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*; *cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Illegal reentry into the United States after previously being deported is a serious crime. Defendant was previously convicted of a felony in state court for criminal possession of a weapon prior to being deported. Defendant has strong family ties with his parents in Mexico. He worked regularly in construction while in the United States and as a carpenter and taxi driver in Mexico. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal entry into the United States will result in a substantial restriction on one's liberty. Specific deterrence is achieved through the impact of this conviction on the defendant's employability and ability to return to the United States in the

3

future. It is unlikely that he will engage in further criminal activity in light of his close

relationship to his parents and his history of employment in Mexico.

Jack B. Weinstein
Senior United States District Judge

Dated: April 21, 2011
        Brooklyn, New York